**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **GLORIA C. ORTIZ,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | No. 3:14-CV-185-BF |
| § | |
| **CAROLYN W. COLVIN,** § | |
| **Acting Commissioner of Social Security,** § | |
| § | |
| **Defendant.** § | |

**MEMORANDUM OPINION & ORDER**

Plaintiff Gloria C. Ortiz ("Plaintiff") brings this action for judicial review of the Commissioner of Social Security's ("Commissioner's") final decision denying her claims for a period of disability and supplemental security income under Titles II and XVI of the Social Security Act pursuant to 42 U.S.C. § 405(g). For the following reasons, the final decision of the Commissioner is REVERSED AND REMANDED for proceedings consistent with this opinion.

**Background**

Plaintiff alleges that she is disabled due to a variety of ailments, including seizures, stuttering, bilateral leg pain and swelling, shortness of breath, and left sided weakness. *See* Tr. [D.E. 12-3 at 19]. After her application for disability insurance benefits and supplemental security income was denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on April 10, 2012. Tr. [D.E. 12-3 at 33]. At the time of the hearing, Plaintiff was 34 years old. *See id.* [D.E. 12-3 at 36]. Plaintiff has a high school education. *See id.* [D.E. 12-3 at 24]. Plaintiff has worked in the past as a supervisor and an inspector. *See id.* [D.E.12-3 at 36]. Plaintiff has also been self-employed in home health and has worked in a fast food

restaurant. *See id.* [D.E.12-3 at 37]. Plaintiff has not engaged in substantial gainful activity since May 21, 2010. *See id.* [D.E.12-3 at 14].

The ALJ posed a hypothetical individual to the vocational expert ("VE"). *See id.* [D.E. 12-3 at 67, 71]. The hypothetical individual was limited to the following: sedentary work, 2 hour standing/walking, sitting for 6 hours, no push/pull limitations with upper or lower extremities, no exposure to hazardous machinery, unprotected heights, ladders, ropes, and scaffolds, and occasional postural activities. *See id.* [D.E. 12-3 at 67, 71]. Mentally, the hypothetical individual could learn, understand, remember, and carry out simple, one, two-step kinds of instructions and tasks. *See id.* [D.E. 12-3 at 67, 71]. Moreover, the individual could use judgment in making simple, work-related decisions, can respond and relate appropriately to others, such as supervisors and coworkers, but should have minimal contact with coworkers and the public. *See id.* [D.E. 12-3 at 67]. In addition, the hypothetical individual could maintain attention and concentration for at least a two-hour period, can adapt to and deal with simple changes in work settings and environments, and can communicate, not necessarily verbally, but either in writing or text. *See id.* [D.E. 12-3 at 67]. In response to the ALJ's hypothetical, the VE testified that Plaintiff could perform the tasks of a eyeglass frame packager, lens inspector, and a semiconductor loader. *See id.* [D.E.12-3 at 73-74].

The ALJ found that Plaintiff has not been under a disability within the meaning of the Social Security Act from May 21, 2010 through the date of his decision on August 21, 2012. *See* Tr. [D.E. 12-3 at 25]. Although the ALJ determined that Plaintiff had the following severe impairments: conversion disorder, a history of pulmonary embolism, and lymphodema, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR

404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). *See id.* [D.E. 12-3 at 16-17]. The ALJ determined that the evidence of record does not contain an opinion or medical evidence supporting a finding that Plaintiff's condition is of listing level severity. *See id.* [D.E. 12-3 at 17]. The ALJ further determined that Plaintiff has the residual functional capacity ("RFC") to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a), except sitting and standing up to 2 hours each at 4 hour intervals, occasional postural activities, avoiding unprotected environmental hazards, including heights, machinery, climbing ladders or ropes. *See id.* [D.E. 12-3 at 18]. The ALJ also found that Plaintiff may learn and understand simple tasks, make simple work related decisions, limited to minimal contact with the public and coworkers, and limited to written communication (SSR 85-15; SSR 96-9p). *See id.* [D.E. 12-3 at 18].

  The ALJ determined that, subsequent to analyzing and weighing all of the evidence in the record, Plaintiff's medically determinable impairments could not reasonably be expected to produce the alleged symptoms and that Plaintiff's statements regarding the intensity, persistence, and limiting effects of her symptoms are not entirely credible nor consistent with or supported by a preponderance of the medical and other evidence in the record. *See id.* [D.E. 12-3 at 20]. The ALJ determined that Plaintiff is unable to perform her past relevant work as a Home Health Provider (semi-skilled SVP 3, medium), Department Supervisor (skilled SVP 5, medium), Product Inspector (unskilled SVP 2, light), Security Guard (semi-skilled SVP 5, light), and Fast-Foods Worker (unskilled SVP 2, light). *See id.* [D.E. 12-3 at 24]. The ALJ determined that, considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff could perform. *See id.* [D.E. 12-3 at 24]. The ALJ determined that Plaintiff could perform a modified range of sedentary work as that of a Eye Glass Framer, Lens Inspector, and

Semiconductor Loader. *See id.* [D.E. 12-3 at 25]. Plaintiff appealed that decision to the Appeals Council. *See id.* [D.E. 12-3 at 4]. The Council affirmed. *See id.* [D.E. 12-3 at 5]. Plaintiff then filed this action in federal district court.

### **Legal Standards**

A claimant must prove that he is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are that:

> (1) an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;
>
> (2) an individual who does not have a "severe impairment" will not be found to be disabled;
>
> (3) an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;
>
> (4) if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and
>
> (5) if an individual's impairment precludes the individual from performing the work the individual has done in the past, other

> factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990) (paraphrasing 20 C.F.R. § 404.1520(b)-(f)).

The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)). If the Commissioner demonstrates that other jobs are available to the claimant, the burden of proof shifts back to the claimant to rebut such a finding. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits was supported by substantial evidence and to whether the proper legal standard was utilized. *Greenspan*, 38 F.3d at 236; 42 U.S.C.A. § 405(g). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does not re-weigh the evidence, retry the issues, or substitute its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

Absent an error that affects the substantial rights of a party, administrative proceedings do not require "procedural perfection." *Wilder v. Colvin*, No. 3:13-CV-3014-P, 2014 2931884, *5 (N.D.

Tex. June 30, 2014) (citing *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012)). Procedural errors affect substantial rights of a party only when the errors "cast into doubt the existence of substantial evidence to support the ALJ's decision." *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988). Remand is required where there is a realistic possibility that the ALJ would have reached a different conclusion absent the procedural error. *January v. Astrue*, 400 F. App'x 929, 933 (5th Cir. 2010). Further, "[t]he ALJ is not required to discuss every piece of evidence in the record nor must the ALJ follow formalistic rules of articulation." *Hunt v. Astrue*, No. 4:12-CV-44-Y, 2013 WL 2392880, at *7 (N.D. Tex. June 3, 2013).

## Analysis

Among several arguments, Plaintiff contends that the ALJ committed reversible error by stating in his RFC finding that Plaintiff can sit for no longer than 4 hours per day but the hypothetical question he posed to the VE instructed him to assume an individual who can sit for 6 hours each day. *See* Pl.'s Br. [D.E. 19 at 7]. Plaintiff argues that because the VE did not testify that someone who can sit for only 4 hours per day can do the jobs of eye-glass frame packager, lens inspector, and semiconductor loader, the VE's testimony does not support the ALJ's step-five finding. *See id.* [D.E. 19 at 25].

The Commissioner argues that the evidence relied on by the ALJ supports the limitations provided in the ALJ's hypothetical question rather than the limitations provided in the ALJ's RFC finding. *See* Def.'s Br. [D.E. 20 at 13]. Therefore, the Commissioner argues that the VE's testimony still provides substantial evidence to support the ALJ's step five finding that Plaintiff could perform other work in the national economy. *See id.* [D.E. 20 at 13]. The Commissioner contends that the mistake made in the RFC finding provided in the ALJ's decision is a harmless error which does not

6

warrant a remand. *See id.* [D.E. 20 at 13]. The Commissioner argues that it is clear from the evidence that the ALJ based his step 5 finding on his hypothetical question to the VE rather than the RFC finding in his decision, and therefore, a remand merely to correct the wording of the RFC finding in the ALJ's decision would not alter the ALJ's step 5 finding of not disabled and would be a waste of judicial and administrative resources. *See id.* [D.E. 20 at 14].

In her reply, Plaintiff argues that the approach the Commissioner recommends the Court should take would at a minimum rewrite the ALJ's RFC finding to strike the phrase "except sitting and standing up to 2 hours each at 4 hour intervals . . . ." *See* Reply [D.E. 23 at 5]. Plaintiff goes on to argue that such an approach is contrary to law. *See id.* [D.E. 23 at 5]. Plaintiff argues that the denial of her disability benefits "must stand or fall with the reasons set forth in the ALJ's decision" and if those grounds are not adequate, "the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis." *See id.* [D.E. 23 at 6]; *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000); *S.E.C. v. Chenery Corp.*, 332 U.S. 194, 196 (1947).

Having considered the foregoing, the Court finds that due to the conflict in the ALJ's RFC finding and the ALJ's hypothetical question to the VE, the Commissioner failed to meet his burden of demonstrating that there is other work that Plaintiff can perform. While the Commissioner argues that the conflict is merely harmless error, the Court is not able to ascertain from the ALJ's decision whether the ALJ concluded that Plaintiff could sit for 4 or 6 hours in a given working day. Because the hypothetical individual posed to the VE required 6 hours of sitting, it is unclear whether Plaintiff can perform the other work the VE found that the Plaintiff could perform given that the ALJ's RFC finding required Plaintiff to sit for a maximum of 4 hours. Even if the record supports a finding that Plaintiff could perform the occupations listed by the VE, the ALJ specifically stated that Plaintiff

7

could sit for up to 4 hours whereas the VE was given a hypothetical individual who required sitting for 6 hours. Therefore, because the Court is not able to ascertain what the ALJ intended from his written opinion, the decision is not supported by substantial evidence. While the Commissioner argues that the ALJ meant to say Plaintiff was capable of sitting for 6 hours a day, that is not what the ALJ stated in his written opinion. *See* Def.'s Br. [D.E. 20 at 14]. As pointed out by Plaintiff, the Court "must know what a decision means before the duty becomes ours to say whether it is right or wrong." *Chenery Corp.*, 332 U.S. at 197. Because the Court finds that the ALJ's decision must be reversed on this ground, the Court pretermits consideration of Plaintiff's remaining arguments.

## Conclusion

For the reasons stated above, the final decision of the Commissioner is REVERSED and REMANDED for proceedings consistent with this opinion.

SO ORDERED, this 27th day of March, 2015.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE